IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-69,999-01, -02, -03 & -04






EX PARTE DAVID ARNOLD BROWN, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 15,208-B, 15,209-B, 15,210-B & 15,211-B IN THE 181ST DISTRICT COURT


FROM RANDALL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of five counts
of indecency with a child and sentenced to five terms of ten years' imprisonment. The Seventh Court
of Appeals affirmed his convictions. Brown v. State, Nos. 07-05-00102-CR, 07-05-00103-CR, 07-05-00104-CR & 07-05-00105-CR (Tex. App.-Amarillo, June 20, 2006, no pet.).

 Applicant contends that trial counsel failed to determine whether Applicant was competent
to plead guilty and to advise the trial court that Applicant had recently been hospitalized and
administered drugs that affected his mental capacity. Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. Trial counsel has filed an affidavit in response to Applicant's
claim. If it believes counsel's affidavit is not sufficient, the trial court shall provide counsel with a
second opportunity to respond to Applicant's claim. The trial court may also use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If he is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of trial counsel was
deficient and, if so, whether his deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief. 

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The reporter's record of the plea
proceedings shall also be returned to this Court. Any extensions of time shall be obtained from this
Court. 




Filed: June 18, 2008

Do not publish